James and Marie Melrose v. Commissioner.
Melrose v. Commissioner
Docket No. 4474-62.
United States Tax Court
T.C. Memo 1964-96; 1964 Tax Ct. Memo LEXIS 238; 23 T.C.M. (CCH) 582; T.C.M. (RIA) 64096; April 15, 1964
*238 Held: Petitioner, a waiter, has failed to show error in respondent's computation of his tip income or in the imposition of additions to tax under section 6653(a) for failure to keep adequate records. James Melrose, pro se, 491 Elliott Rd., Ft. Walton Beach, Fla. John B. Murray, Jr., and William T. Holloran for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: Respondent determined deficiencies in petitioners' income taxes and additions to tax as follows: Additions to Tax
Calendar
Sec. 6653(a),
Year
Deficiency
I.R.C. 1954
1959
$ 36.18
$ 1.81
1960
455.38
22.77
*239 The issues for decision are: (1) Whether respondent erred in recomputing the amount of tip income received by petitioner James Melrose in 1959 and 1960; and (2) Whether petitioners are liable for additions to tax for 1959 and 1960, under section 6653(a) of the 1954 Code. [1]
The parties have agreed that petitioners are entitled to $1,050.48 of itemized deductions in 1960 and this item is no longer in issue. Findings of Fact Petitioners James and Marie Melrose were married and lived together as husband and wife during 1959 and 1960, in Brooklyn, New York. They filed timely joint Federal income tax returns on the cash basis of accounting for the calendar years 1959 and 1960 with the district director of internal revenue, Brooklyn, New York. Petitioners were divorced sometime during March 1963. Petitioner Marie Melrose is a party herein only because she filed a joint return with James Melrose. References hereinafter made to "petitioner" are to James Melrose. Petitioner has been a waiter at various restaurants since 1952. During 1959 and 1960 petitioner was employed as a waiter by the Union News *240 Company. This company operates numerous restaurants, including the Promenade Cafe at Rockefeller Center in New York City. The Promenade Cafe is divided into two parts. One part is known as the English Grille and the other as the Cafe Francais. Petitioner worked as a waiter in the English Grille from October 1959 through the end of 1960. Petitioner worked five days per week, Tuesday and Thursday being his days off. His wages were $36.50 per week during the period here involved. Under the terms of an agreement between petitioner's employer and his union, petitioner was entitled to eight paid holidays and a paid vacation annually. Petitioner received no tips on his paid holidays unless he worked on such days. During 1959 petitioner received pay for Thanksgiving and Christmas, on which days he did not work. In 1960 petitioner worked on three of the eight paid holidays and received tip income on each of these days. Petitioner received a one-week paid vacation in September 1960. Petitioner did not keep any record of his tip income. For 1959 petitioner reported wages as a waiter in the amount of $2,167.03, of which $353.50 was from his work at the English Grille. Respondent increased *241 this amount by $200.95 to reflect additional tip income. For 1960 petitioner reported wages of $1,689.83 and tips of $1,200 from his work at the English Grille. Respondent increased this amount by $1,672.71 to reflect additional tip income. Opinion Tips are part of compensation for services and, as such, constitute taxable income under section 61(a). [2] The principal issue before us is the amount of tips derived by petitioner as a waiter in 1959 and 1960. Respondent's position is that petitioner did not keep records of his tip income and so in order to determine the correct amount of petitioner's tip income, respondent constructed a method pursuant to his statutory authority under section 446(b). [3] On opening statement respondent's counsel stated that respondent had multiplied the net sales figure, exclusive of liquor sales, of all the waiters in the Promenade Cafe, by 15 *242 percent to arrive at the total amount of tips received by the waiters. Respondent then reduced this figure by the amounts which waiters were required to pay the bus boys and for other expenses which they were required to bear. The resulting figure was approximately 10.5 percent of sales. Petitioner's share of the total tips was determined to be that proportion which his wages bore to the total wages received by all of the waiters. The burden is on petitioner to show that respondent's computation of his tip income is erroneous. ; . Petitioner did not keep records of his tip income. Petitioner did offer a sheet of paper upon which he had listed monthly estimates of his tip income because "my wife was questioning me on the *243 money that I was bringing home," but he could not recall when or how these estimates were made. When asked whether he counted his tips at the end of each day, petitioner replied that he was not sure. Petitioner has given us no reason to believe that the figures he reported to his wife were any more accurate than those which he reported to the district director, since both sets of figures were based upon estimates and vague recollection rather than contemporary records. It is clear that the latter figures are insufficient to carry his burden of proof, , affd. (C.A. 2, 1949), and the former set of figures do not differ in kind. It was incumbent upon petitioner to keep records of the income he received as a waiter; [4] he failed to do so. In response to respondent's counsel's statement that his tip income amounted to 10.5 percent of his gross sales, petitioner testified that customers at the English Grille were not good tippers, that he may have been a bad waiter, and that in his opinion respondent's figure of 10.5 percent was too high. Petitioner's opinion as to a fair figure for waiters' tips at the English Grille *244 was 7.5 percent of gross sales, but he offered nothing to substantiate this estimate. It is possible that petitioner did not receive the amount of tips estimated by respondent, but he has failed to provide us with sufficient evidence to substantiate his claim that his tip earnings were less than the amount determined by respondent. We have his own testimony to support this claim, but this is based only upon his vague recollection. This is insufficient to overcome the presumption of correctness *245 which attaches to respondent's determination. The computations made by respondent have not been shown to be unreasonable, arbitrary or capricious. Any hardship on petitioner which is caused by this determination is of his own making, because of his failure to maintain sufficient records. We sustain respondent on this issue. Respondent has determined additions to tax under section 6653(a) [5] for negligent failure to keep adequate books and records. Petitioner has offered no evidence with respect to this issue and has made no contention that the imposition of the additions was improper. We, therefore, sustain respondent on this issue. To reflect *246 adjustments made to other items at trial, Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩
2. SEC. 61. GROSS INCOME DEFINED. (a) General Definition. - Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items;↩
3. SEC. 446. GENERAL RULE FOR METHODS OF ACCOUNTING. * * *
(b) Exceptions. - If no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary or his delegate, does clearly reflect income.↩
4. SEC. 6001. NOTICE OR REGULATIONS REQUIRING RECORDS, STATEMENTS, AND SPECIAL RETURNS. Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary or his delegate may from time to time prescribe. Whenever in the judgment of the Secretary or his delegate it is necessary, he may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary or his delegate deems sufficient to show whether or not such person is liable for tax under this title.↩
5. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes. - If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩